UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NOBLE CHRISTO EL[1], | : | |
| | : | |
| Petitioner, | : | Civ. No. 22-4961 (RBK) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM TODD MILLER, et al., | : | **OPINION** |
| | : | |
| Respondents. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.     **INTRODUCTION**

Petitioner, Nobel Christo El ("Petitioner" or "El"), is a pretrial detainee currently at the Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey.[2] He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, Petitioner's habeas petition will be summarily dismissed without prejudice due to a lack of jurisdiction and for Petitioner's failure to exhaust state court remedies. A certificate of appealability shall not issue.

II.     **BACKGROUND**

Petitioner challenges the validity of the State of New Jersey's jurisdiction over him related to Petitioner's ongoing state criminal proceedings for which he is being detained. (*See*

---

[1] Petitioner's first name is misspelled on the caption on CM/ECF. The Clerk will be ordered to change the first name of Petitioner to "Noble."

[2] Petitioner challenges the assignment of this action to the Camden rather than the Trenton vicinage. (*See* ECF 3). As indicated above, Petitioner is incarcerated in ACJF, which is in Atlantic County. Atlantic County is part of the Camden vicinage. *See* https://www.njd.uscourts.gov/vicinage-lines-case-assignment (last visited Dec. 29, 2022). Thus, the Clerk properly assigned this case to the Camden rather than the Trenton vicinage of this Court.

ECF 1 at 3, 11-12). He challenges his confinement as well as the stop and search of his motor vehicle, which led to his detainment. (*See id* at 3, 12.). Plaintiff also challenges his warrantless arrest arguing it was without probable cause. (*See id.*). Finally, Petitioner claims his Second Amendment rights were violated because he has the right to bear arms. (*See id.* at 12).

Additionally, Petitioner challenges various aspects of his conditions of confinement. For example, he states his hands were "locked to a chain wrapped around [his] waist and [his] ankles locked in metal restraints for 4 consecutive days" while in his detention cell. (*See* ECF 1 at 5). He was also not allowed to shower for four consecutive days and had to sleep on the floor for four consecutive days. (*See id.*). Plaintiff also asserts he was physically assaulted by officers of the Atlantic County Sherriff's Department while in a courtroom and in the corridor outside the courtroom. (*See id.* at 2).

Petitioner seeks his immediate release from confinement as relief. (*See id.* at 23).

### III.    LEGAL STANDARD FOR *SUA SPONTE* SCREENING

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). This Court though liberally construes Petitioner's habeas petition as he is appearing *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

IV.     **DISCUSSION**

Pursuant to 28 U.S.C. § 2241(c)(3), this Court may grant habeas relief to a petitioner when he "is in custody in violation of the Constitution or laws or treaties of the United States." This Court construes Petitioner's habeas petition as potentially raising two grounds for his release; namely: (1) due to his conditions of confinement; and (2) based on constitutional violations associated with his ongoing state criminal proceedings. Each of these grounds are considered in turn.

A. Conditions of Confinement

Plaintiff raises numerous conditions of confinement issues in his habeas petition. As outlined above, he claims he has been the victim of excessive force. Additionally, he claims he was improperly shackled, not given the opportunity to shower and had to sleep on the floor for days while detained.

In *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324-25 (3d Cir. 2020), the United States Court of Appeals noted that a district court has jurisdiction to issue a writ of habeas corpus on a petitioner's conditions of confinement claim only in extraordinary circumstances. The petitioners in *Hope* were civil immigration detainees who challenged the constitutionality of their confinement due to the conditions they faced at their facility during the early stages of the COVID-19 pandemic. Ultimately, the Third Circuit permitted the petitioners to challenge these conditions in habeas proceedings under § 2241, but declined to decide whether such a claim could be asserted by petitioners in less serious circumstances. *See Hope*, 972 F.3d at 324-25, 325 n.5.

Since *Hope*, courts have noted that "'a writ of habeas corpus is not a generally available remedy outside the immigrant detainee context contemplated by *Hope*, because an inmate's

confinement cannot be 'unconstitutional' and therefore a basis for an order of temporary or permanent release unless all the prison personnel with supervisory authority over the inmate are proved to be risking the inmate's injury or death . . . by acts or omissions sufficiently harmful to evidence deliberate to serious medical needs,' *and* every alternative condition of confinement short of release is unavailable.'" *Harris v. Hudson Cnty. Dep't of Corr.*, No. 22-2755, 2022 WL 16631352, at *2 (D.N.J. Nov. 1, 2022) (emphasis in original) (citing *Houck v. Moser*, No. 20-255, 2021 WL 1840827, at *2 (W.D. Pa. May 7, 2021) (quoting *Estelle v. Gamble*, 429 U.S. 97, 1976))). Assuming for purposes of this opinion only that Petitioner, as a state pretrial detainee, can rely on *Hope* and § 2241 to seek release from custody due to the conditions of confinement, Petitioner's habeas petition does not meet the extraordinary circumstances threshold to warrant his release from custody. Indeed, in this case, Petitioner does not even appear to allege that the conditions of confinement about which he complains are ongoing as they were in *Hope*. Thus, he has not alleged that the purported unconstitutional conditions of confinement can *only* be remedied by his release from custody. Rather, such claims are more properly brought in a civil rights action seeking relief under 42 U.S.C. § 1983 for damages.[3] Accordingly, this Court lacks habeas jurisdiction over Petitioner's conditions of confinement claims.

B. <u>Challenge to State Criminal Proceedings</u>

Petitioner also challenges his state criminal proceedings in this habeas action. He claims that relevant state statutes are unconstitutional and that the State lacks jurisdiction over him. (*See* ECF 1 at 3, 11-12). He further challenges the stop and search of his car as unconstitutional well as his warrantless arrest which lacked probable cause. (*See id.* at 3, 12). Finally, Petitioner asserts

---

[3] Indeed, it appears that Petitioner is pursuing a civil rights complaint related to the events raised in this habeas petition in this Court. *See* Civ. No. 22-6281.

4

his Second Amendment right to bear arms has been infringed. (*See id.* at 12).  As relief, Plaintiff seeks immediate release from custody. (*See id.* at 23).

Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered against the petitioner. *See Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted). The United States Court of Appeals for the Third Circuit has summarized the stringent prerequisites for such pretrial relief thus:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present[; and]
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pretrial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443 (internal citations omitted); *see also Johnston v. Artis*, No. 13–6947, 2013 WL 6095877, at *2 (D.N.J. Nov. 19, 2013); *Wiggins v. Ellis*, No. 10–1243, 2010 WL 3909873, at *2 (D.N.J. Oct. 1, 2010). In *Moore*, the Third Circuit noted that delay, harassment, bad faith, or other intentional activity might constitute an extraordinary circumstance justifying federal court intervention before trial. *See* 515 F.2d at 447 n.12. For the following reasons, there is no basis for this Court to intervene in Petitioner's state criminal proceedings currently.

Initially, Petitioner has not exhausted his state court remedies. Indeed, while Petitioner notes filings in the New Jersey Superior Court, he fails to indicate appeals and/or results to and from the New Jersey Superior Court, Appellate Division, and the New Jersey Supreme Court

related to the claims he seeks to bring in this habeas petition. (*See* ECF 1 at 6-11). Instead, it appears Petitioner has sought relief from places within the United States Executive Branch and the United States Supreme Court, amongst others. Thus, as Petitioner has not exhausted stat court remedies, he needs to show that extraordinary circumstances are present for this Court to exercise its habeas jurisdiction in this instance.

Petitioner brings this action to prematurely litigate federal constitutional defenses which are certainly available for Petitioner to bring in his state criminal case. Such claims and arguments are insufficient to establish extraordinary circumstances that would justify this Court's federal habeas intervention in Petitioner's state pretrial criminal proceedings. *See Duran*, 393 F. App'x at 4 (citing *Moore*, 515 F.2d at 445). Thus, Petitioner's habeas petition shall be summarily dismissed.

C. Certificate of Appealability

State pre-trial detainees must obtain a certificate of appealability to challenge "the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *Stepney v. Anderson*, No. 20-2476, 2020 WL 2079241, at *2 (D.N.J. Apr. 29, 2020). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To the extent a certificate of appealability is required in this case, this Court denies a certificate of appealability because jurists of reason would not find

it debatable that dismissal of the petition for lack of jurisdiction and for failing to exhaust state court remedies along with a failure to show extraordinary circumstances is correct.

## V.     CONCLUSION

For the reasons stated above, this Court will summarily dismiss Petitioner's § 2241 habeas petition without prejudice for lack of jurisdiction and for failing to exhaust state court remedies along with failing to show extraordinary circumstances. No certificate of appealability shall issue. An appropriate order will be entered.


DATED: December 29, 2022                           s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge